**Opinion filed February 21, 2019**



In The

# Eleventh Court of Appeals

_____

## No. 11-19-00006-CR
_____

## EDWARD LEE WHITEHEAD, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the County Court at Law**
**Midland County, Texas**
**Trial Court Cause No. 163747**

## M E M O R A N D U M   O P I N I O N

Appellant, Edward Lee Whitehead, entered into a plea agreement with the State and pleaded guilty to the offense of assault causing bodily injury–family violence. Appellant entered into a plea agreement with the State and waived an appeal. Appellant's punishment at a fine of $750. Appellant filed a pro se notice of appeal, and appellate counsel was thereafter appointed. We dismiss the appeal.

This court notified Appellant by letter that we had received information from the trial court that Appellant had waived his right of appeal and that this is a plea bargain case in which Appellant has no right of appeal. *See* TEX. R. APP. P. 25.2(a)(2), (d). We requested that Appellant respond and show grounds to continue the appeal. In response, Appellant's counsel filed a motion in this court to retain the appeal on the docket pending a ruling by the trial court on Appellant's request for permission to appeal. The trial court has now denied Appellant's request for permission to appeal his conviction.

Rule 25.2(a)(2) provides that, in a plea bargain case in which the punishment does not exceed the punishment agreed to in the plea bargain, "a defendant may appeal only: (A) those matters that were raised by written motion filed and ruled on before trial, or (B) after getting the trial court's permission to appeal." The documents on file in this appeal reflect that Appellant waived his right to counsel at the time of his plea, that Appellant entered into a plea bargain, that Appellant's punishment was assessed in accordance with the plea bargain, and that Appellant waived his right of appeal. The trial court certified that Appellant has no right of appeal. The plea agreement, Appellant's waiver of his right to appeal, and the trial court's certification were signed by Appellant and the judge of the trial court.

Texas has "long held that a valid waiver of appeal prevents a defendant from appealing without the trial court's consent." *Monreal v. State*, 99 S.W.3d 615, 617 (Tex. Crim. App. 2003). The trial court has not given consent for Appellant to appeal. The documents on file in this court support the trial court's certification. *See Dears v. State*, 154 S.W.3d 610, 613–14 (Tex. Crim. App. 2005). Accordingly, we must dismiss this appeal without further action. TEX. R. APP. P. 25.2(d); *Chavez v. State*, 183 S.W.3d 675, 680 (Tex. Crim. App. 2006).

Accordingly, this appeal is dismissed.

PER CURIAM

February 21, 2019

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Bailey, C.J.,
Stretcher, J., and Wright, S.C.J.[1]

Willson, J., not participating.

---

[1]Jim R. Wright, Senior Chief Justice (Retired), Court of Appeals, 11th District of Texas at Eastland, sitting by assignment.